Barnard, P. J.
The village of Walden, Orange county, was incorporated by the legislature under chapter 777, Laws of 1870. By the Laws of the chapter, the trustees of the village were made equivalent to commissioners of highways in the town, with power to open streets through the agency of commissioners of estimate and appraisal. ■ The report of these commissioners is to be confirmed by the county court or by the supreme court. Either of these courts could appoint the commissioners, and the approval would be in the court which made the appointment.
The trustees procured in this court the appointment of commissioners to open a new street connecting East and West John street in the village, and the land taken for the new street is all owned by the Walkill Valley Railroad Company and is used for different purposes A small portion of its station is within the limits of the new street, *591 • which the commissioners report need not be removed. There is, also, a small building for coal and a structure for loading and unloading cattle.
It was decided by the court of appeals in the Albany and Northern Railroad Company v. Brownell (24 N. Y., 345), that while the general railroad act authorized the laying a highway over and across railroads, it did not extend to the appropriation of lands held and used for station purposes to public use as a highway without compensation. That the lands were improved lands and the statute requirement of compensation applied to these lands. IK. S., 504.
The court went further and decided that such lands could not be taken under the statute which forbids the laying of a highway through buildings, and yards, and enclosures necessary to the enjoyment thereof. 1 R. S., 514. In the case of Prospect Park, etc., R. R. Co. v. Williamson, 91 N. Y., 552, the court of appeals held that lands once taken for a public use, cannot, under general laws and without special authority from legislature, be appropriated 'in invitum to a different public use. These cases are not in conflict with Boston and Albany R. R. Co., v. Greenbush, 52 N. Y., 510. The only question in this case was whether the tract was such a one as could be crossed by a highway without compensation. The fact that the lands in question were acquired by deed and not by condemation proceedings, does not change the case. By the general railroad law the aquirement by deed is favored so far that a petition for condemnation must state that the land needed cannot be obtained by purchase. After it is obtained either by deed or condemnation, it is held for the same purposes.
The order should therefore be affrmed, with costs.
Dykman and Pratt, JJ., concur.